UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

BERTHA'S MARKETING and BERTHA
MANZO,

                    Defendants.

NO. CR-03-2225-EFS
NO. CR-03-2226-EFS

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS CASE AND
RESETTING TRIAL**

        Previously the Court entered an Order Denying In Part and Holding
in Abeyance in Part Defendants' Motion to Dismiss Case, (Ct. Rec. 77).
The Court reserved ruling on two legal issues: whether the Second
Superseding Indictment sufficiently stated deprivation of a valid
property interest of the Mexican Government and whether the United States
can prosecute a fraudulent scheme to evade payment of foreign tariffs
under 18 U.S.C. § 1343, awaiting a decision from the U.S. Supreme Court
in *United States v. Pasquantino*. On April 26, 2005, the Supreme Court
issued a decision in *Pasquantino*, No. 03-0725 (S. Ct. filed April 26,
2005), ruling that a plot to defraud a foreign government, Canada, of tax
revenue violates the federal wire fraud statute and that the scheme of
smuggling liquor into Canada from the United States without paying

ORDER ~ 1

Canadian liquor taxes deprived the Canadian government of a property interest.

The Court finds the Second Superseding Indictment sufficiently alleges that the Mexican government was deprived of "money or property" within the meaning of the wire fraud statute. *See Pasquantino*, No. 03-725. The Second Superseding Indictment alleges that the government of Mexico was deprived of the payment of its 101.1% tariff upon red and golden delicious apples imported into Mexico from the United States. The right to collect the tariff is "an entitlement to collect money from [the defendants], the possession of which is 'something of value' to the" government of Mexico. *Pasquantino* (quoting *McNally v. United States,* 483 U.S. 350, 358 (1987) (internal quotation marks omitted)). Accordingly, Defendants' motion is denied in part.

Defendants also argued it was unconstitutional for a federal wire fraud statute to criminalize conduct violating a foreign law. The Court denies the Defendants' motion finding that the United States is not barred from prosecuting a fraudulent scheme to evade foreign tariffs. *See Pasquantino*.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Bertha's Marketing and Bertha Manzo's Motion to Dismiss Case, **(NO. CR-03-2225-EFS: Ct. Rec. 42; NO. CR-03-2226-EFS: Ct. Rec. 41),** is **DENIED.**

2. The **Pretrial Conference** is **SET** for **May 4, 2005,** at **9:30 a.m.** in **Richland,** Washington.

ORDER ~ 2

3.  The **jury trial** is **SET** for **May 9, 2005**, at **9:00 a.m.** in **Richland,** Washington.  **Counsel shall meet with the Court in Chambers at 8:15 a.m. on the day of trial.**

4.  Trial briefs, requested voir dire, and joint proposed jury instructions shall be filed and served **NO LATER THAN May 5, 2005.**  Joint jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim or defense, and a proposed verdict form.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to all counsel, the U.S. Probation Office, and the Jury Administrator.

**DATED** this ___28th___ day of April, 2005.


                          _S/ Edward F. Shea_____
                          EDWARD F. SHEA
                   United States District Judge


Q:\Criminal\2003\2225.2226.final.dism.wpd

ORDER ~ 3